OLIVER v. SOUTH CAROLINA INTER-STATE AND WEST INDIAN EXPOSITION CO.

ATTORNEY'S FEES—RECEIVER.—THE COURT OF EQUITY is not bound by a previous agreement of parties or order of the Court to the effect that a receiver should employ counsel to serve without compensation, and whenever in its judgment it is proper to compensate counsel for services in preserving a fund in Court, it may disregard such agreement and order and direct that a fee be paid receiver's counsel out of the fund. But such agreement as to attorneys representing parties to the suit not charging fees, will not be molested.

MR. CHIEF JUSTICE POPE *thinks, under the agreement, plaintiff should not be required to contribute to payment of fee of receiver's attorney.*

Before PURDY, J., Charleston, September, 1903. Modified.

Henry Oliver *et al.* against South Carolina Inter-state and West Indian Exposition Co. From Circuit order, plaintiff, Oliver, appeals.

*Messrs. T. Moultrie Mordecai* and *J. P. K. Bryan,* for appellant.

*Mr. M. Rutledge Rivers,* contra, cites: 25 S. C., 504; 23 Ency., 2 ed., 1067, 1064.

· April 21, 1904. The opinion of the Court was delivered by

MR. JUSTICE GARY. This action is in the nature of a creditor's bill brought by Henry Oliver, American Lucol Company, Darlington Electric Fountain and Supply Company, in behalf of themselves and other creditors who might come in. The object of the action was to obtain the appointment of a receiver for the defendant insolvent company, and the collection and distribution of the assets among the creditors under the direction of the Court.

The appeal is from the following order: "In view of the stipulation entered into soon after the commencement of the litigation in this matter, a serious question has arisen, as to the allowance of counsel fees to the counsel engaged in this cause. The counsel engaged in behalf of the receivers having declined to act further in the matter, the receivers found themselves in a position in which they had to employ counsel. They were trustees accountable for the carrying out in a proper manner the matter confided to their trust. They deemed it necessary to have counsel to assist them in this undertaking. Being without counsel in this changed state of affairs, if they had applied, they would have been permitted to have employed counsel and to have compensated such counsel. It is a fundamental rule that where trustees act *bona fide* for the purpose of carrying out their trust, and do any act or acts for the benefit of those interested, the Court will sanction such act.

"In my opinion, the receivers acted wisely in employing counsel, and such counsel should be paid.

"This matter has not been contested before me by a great majority of the creditors, who coincide with the views herein expressed, but the position is contested by the counsel for Mr. Wagener, not because the work has not been done, and faithfully done, by the counsel now seeking compensation, but for the reason that, for the protection of the interests of his client, he thinks he should object, in view of the stipulation entered into, as before stated.

"The matter being contested, I will not attempt to refer it entirely to the master, but will seek his aid in obtaining testimony, so that the Court may fix the proper fee for the attorney for the receivers, and may have before it testimony as to fees for the other counsel. It is, therefore, ordered, that it be referred to G. H. Sass, Esq., one of the masters for said county, to take testimony as to the amount that should be allowed to M. Rutledge Rivers, Esq., as counsel for the receivers, and to take testimony as to the nature and value of the services rendered by the other counsel respectively engaged in the case.

"As to the said M. Rutledge Rivers, representing the receivers, I hold that he is entitled to compensation, for the reasons hereinbefore stated, leaving the amount to be fixed by future order of this Court upon the coming in of the master's report, and as to the other counsel engaged in the case, upon the coming in of the master's report, leaving the question then to be determined as to whether they are entitled to compensation, and, if so, the amount of the same.

"At such reference, of course, all the counsel engaged in the cause will be notified, and then the stipulation entered into and all other such matters as those objecting deem material may be put in evidence and brought to the attention of the Court."

The appellant's exceptions are as follows:

"1. That the presiding Judge erred in holding that M. Rutledge Rivers, Esq., receiver's counsel, was entitled to compensation to be paid out of the funds herein.

"2. That the presiding Judge erred in referring it to the master to ascertain and report what amount should be allowed M. Rutledge Rivers, Esq., as his compensation.

"3. That the record in this case disclosing the fact that the entire scheme of these proceedings was that neither receivers nor counsel, whether representing parties or receivers, should be paid fees from the funds realized in this case, the presiding Judge erred in allowing compensation to one attorney in the case without also allowing compensation to

other attorneys whose services had been rendered in the creation and preservation of the fund, and especially to the counsel for the plaintiffs, who had filed this proceeding to raise a fund for the payment of the creditors of said company, and who as plaintiffs had the carriage of the cause."

Waiving the objection that the objections raising the question whether the appellant should not be required to contribute his *pro rata* of the fund in Court toward the payment of Mr. Rivers' fee, is too general for consideration, because it fails to point out specifically wherein there was error, it, nevertheless, cannot be sustained.

The agreement entered into before the receiver was appointed could not have the effect of limiting the powers of the court of equity, so as to prevent it from exercising full control over the property which it took in charge. Nor did the first order, providing that counsel employed by the receiver should not have compensation, prevent the Court from passing a subsequent order allowing compensation when it became necessary to preserve the fund in its keeping.

The question raised by the third exception is not properly before this Court for consideration, as it has not yet been determined by the Circuit Court, but as it may save the trouble and expense of another appeal, we will not decline to dispose of it. The services of the other attorneys were not rendered in preserving the fund in the hands of the Court, and this question is not governed by the principle applicable to the fee of Mr. Rivers.

It is the judgment of the Court, that the order of the Circuit Court be modified.

MR. CHIEF JUSTICE POPE *dissenting.* This action is in the nature of a creditor's bill brought by Henry Oliver, American Lucol Company, Darlington Electric Fountain and Supply Company, in behalf of themselves and other creditors who might come in. The object of the action was to obtain the appointment of a receiver for the defendant insolvent company, and the collection and distribution of the assets among its creditors under the direction of the Court.

It was agreed among counsel that no counsel fees should be charged or claimed against the fund to be raised in said cause. This agreement was as follows:

"*Duryea & Oliver* vs. *South Carolina Inter-State and West Indian Exposition Company.*

　　　　　　　　　　"Charleston, S. C., May 17, 1902.

"Wm. Mosely Fitch, Esq., Messrs. T. M. Mordecai and others, Plaintiffs' Attorneys.

"Dear sirs: I agree to hold in trust all receipts of the Exposition Company hereafter accruing since the filing of the above bill, including the First National Bank deposit, paying therefrom only actual current operating expenses, and if there be a balance after such expenses are paid, and also the two-thirds gross gate receipts are also paid, I will hold such balance subject to order of Court in both the Duryea and Potter and Oliver cases; and if I shall pay out an excess by reason thereof, I am to be a preferred creditor therefor, and except as to any funds to be appropriated by the city council, any amount heretofore paid by me out of my own funds for United States government amount to be repaid me out of the first money so appropriated as such amounts.

"The board of directors to be receivers after June 1, 1902, without bond, and neither receivers nor any lawyer in case to charge or take fee in these cases above mentioned.

"May 17, 1902.　　　　　　　(Signed) F. W. Wagener.

"The within is agreed to.　(Signed) W. M. Fitch, attorneys, Duryea & Potter, T. M. Mordecai, Buist & Buist, J. P. K. Bryan."

The order appointing receivers made the same provision as to receivers and the counsel for receivers. The order is as follows:

"On hearing read the verified complaint herein and after due consideration thereof, it appearing to the Court that receivers should be appointed, it is ordered,

"*First.* That the president and directors of said company, to wit: F. W. Wagener, W. H. Welch, F. K. Cary, J. L. David, John F. Ficken, C. S. Gadsden, J. C. Hemphill,

Wiley Jones and Samuel Lapham, be and they are hereby appointed receivers, without compensation and bond, of all and singular the property and assets of the said South Carolina Inter-State and West Indian Exposition Company, the defendant herein, with the usual powers of receivers, and with leave to apply to this Court for any further orders which may be desired for the purpose of more effectually carrying out the intention of this order.

"*Second.* That said receivers do forthwith take possession of all of the property and assets and thereupon cause to be prepared and filed in this Court forthwith a sufficient and proper inventory and list of the same, and a schedule of present employees and salaries, and their recommendation as to the smallest possible force to operate this receivership.

"*Third.* That the said receivers be allowed to employ counsel, but without compensation.

"*Fourth.* That except as herein provided, and until the further order of this Court, the said South Carolina Inter-State and West Indian Exposition Company, its agents, servants, officers and attorneys, are hereby restrained and enjoined from parting with or disposing of any of its property or assets excepting to deliver the same to the receivers hereinbefore appointed.

"*Fifth.* That all of the defendants herein and all other creditors of the said South Carolina Inter-State and West Indian Exposition Company be and are hereby each, severally and respectively enjoined from prosecuting any action in this Court, or taking part in any other cause instituted or to be instituted in this Court in the present proceedings.

"*Sixth.* That a copy of this order be forthwith served upon each of the receivers herein appointed, each of whom shall within five days severally file in this Court their written acceptance of such appointment, otherwise such appointment to be void.

"It is further ordered, that the stipulation in writing heretofore made in this case be forthwith filed of record.

"9 June, 1902.                   Geo. W. Gage, Circuit Judge.

"We consent to the above named order, and to its being made at chambers and without the county of Charleston.   T. Moultrie Mordecai, Buist & Buist, Ficken, Hughes & Ficken, W. M. Fitch, J. P. K. Bryan."

The receivers subsequently reported as follows:

"The undersigned, as receivers, ask leave to file herewith a supplementary inventory containing additional items of property of the Exposition Co. not included in the first inventory filed herein.

"They also ask leave to report that, under special authority given in a former order of this honorable Court, they have appointed M. Rutledge Rivers, Esq., as the counsel and legal adviser of the receivers.

"The undersigned would further report that the Southern Railway Co. hold a claim against the Exposition Co. for the sum of $563.20, which the U. S.. Treasury Department is ready to pay out of the special appropriation of $90,000. This appropriation is payable directly to the Exposition Co. as a reimbursement for advances made to claimants.   Heretofore, however, the directors of said company, instead of advancing the amount of the claim, have given a power of attorney to the railway company to collect such claim directly from the government.   It is now requested that the receivers execute such power of attorney, and this request is respectfully submitted for the consideration of the Court, and for such order in the premises as may be proper.

"Respectfully submitted.   J. L. David, W. H. Welch, Jno. F. Ficken, receivers."

On the 26th of September, 1903, the receivers reported as follows:

"The undersigned, receivers of the above named Exposition Co., respectfully report:

"1. That since their appointment they have continuously performed the exacting and laborious duties of their office, expending thereon much time and labor.

"2. That among other things requiring their care and attention, were many matters rendering it incumbent on

them, and absolutely necessary to secure the aid and services of counsel for a proper disposal thereof. And this Court, recognizing that counsel would probably be needed, provided in the order appointing the undersigned as receivers, that counsel might be employed, but withheld the means of procuring same by directing that said employment should be without compensation.

"3. That the receivers were unable to obtain counsel upon such terms, and, soon after assuming their office, found that they could not conduct the affairs of their responsible position without counsel; that claims were filed requiring contest before the master, actions had been commenced and were pending, claims were outstanding in favor of the Exposition Co. that had to be sued. Various and complex legal questions were continually arising to be considered and acted upon, and that it was impossible for the receivers either to keep informed about the affairs of the Exposition Co. or properly to guard the interests of the creditors without having a representative in Court.

"4. That they thereupon sought the services of Mr. M. Rutledge Rivers, and employed him as their counsel, with the understanding that they would report to the Court the difficulties they had experienced, and the utter impracticability of the aforesaid provision of the order appointing them in withholding compensation from their legal representative, and further, that they would urge upon the Court, in view of the above stated condition of affairs, the propriety and justice of allowing proper compensation for their counsel.

"5. That Mr. Rivers has for the past year zealously and efficiently attended to the duties of his office as attorney for the receivers, and as a matter of justice to him, they heartily and cheerfully request the Court to grant him such compensation for his services as may be meet and proper.

"All of which is respectfully submitted. (Signed) Jno. F. Ficken, W. H. Welch, J. L. David, C. S. Gadsden, J. C. Hemphill. Dated July 11, 1903. Filed September 26, 1903."

Whereupon the Court made the order appealed from, set out in the main opinion.

It is quite evident that the purpose at the outset was to avoid the charges for counsel fees, receivers' compensation and compensation for the receivers' solicitor. No doubt, the object of the enterprise was so beneficent in its scope, affecting as it did not only the city of Charleston, but the whole State of South Carolina as well, and the misfortunes that attended the exposition itself, caused all parties to this action to bend every energy, without compensation therefor, to the collection and distribution of the assets of the exposition among its creditors.

At the beginning counsel for the plaintiffs stipulated that they would not demand or expect compensation; the board of directors of the exposition, who were made receivers, so stipulated, and the Court so ordered in regard to the attorney or attorneys for the receivers.

The first report of the Court stated that the receivers had chosen Mr. M. Rutledge Rivers, of the Charleston bar, as their counsel, and no mention was, at that time, made of compensation for such attorney. A year afterwards, however, realizing the immense labor and most valuable services of Mr. Rivers as counsel for the receivers, such receivers, in their report of the 26th of September, 1903, sought the interposition of the Court in behalf of their attorney. Their words, as appear by such report, which has already been herein incorporated, speak most loudly and appealingly for compensation on behalf of their attorney, Mr. Rivers. It has always seemed to us to be most unwise and unjust in practice to expect valuable service of attorneys in carrying into execution trusts such as herein involved, gratuitously on the part of the said attorney. Still, parties, when they come into Court, have the right to make stipulations and agreements which will be carried out by the Court. Any change in the conditions which thereinafter arise should only be changed where it is the unanimous wish of parties originally affected thereby.

Judge Gage's order of the 9th of June, 1902, hereinbefore set out in full, was the chart, so to speak, by which the Court in this cause should be governed. So, therefore, to our minds, it seems that the plaintiff, appellant, Mr. Henry Oliver, has a right to call upon the courts to enforce the agreements hereinbefore recited. His position is the same as of a party to a consent decree. No party bound thereby could upset it. *Jones & Parker* v. *Webb*, 8 S. C., 202. "A judgment by consent of parties is in the nature of contract between them, and cannot be set aside when fraud or mistake is not alleged, merely because of some irregularity of procedure."

But this is a court of equity. All the creditors of the South Carolina Inter-State and West Indian Exposition Company are parties to this record, and if they see proper to waive the stipulations as to payment of counsel fees, they have a right to do so; and the court of equity will facilitate in every respect their desire that full justice shall be done to their attorney, who has so assiduously and ably preserved their interests as affected by this cause. This Court is pleased to recall the following statement:

"The undersigned, all of whom represent creditors of the above named Exposition Co., desire to submit to this Court in this cause the following statement, which was submitted to the Court below by counsel in behalf of the attorney for receivers:

"We understand that in the inception of the cause, when a receivership was first appointed, the agreement set out on page four of the printed case had been entered into. This was not entered into by any of the undersigned. With the exception of Jno. F. Ficken, Esq., and his firm of Ficken, Hughes & Ficken, none of the undersigned were engaged in the cause, nor were they interested in the same until subsequently, when it was found necessary to liquidate and settle up the entire affairs of the Exposition Co., and all its creditors were called in.

"In doing this, it became absolutely necessary to tho-

37—68

roughly sift and adjust a very large number of claims against the company, so as to exclude from sharing in its assets claims not properly entitled so to do. The doing of this cast upon the receivers of the company and their counsel, the performance of a great amount of work, which we are satisfied was not had in contemplation either by the parties or the Court when the original stipulation was made.

"To our knowledge. Mr. M. Rutledge Rivers, who was appointed counsel for the receivers, performed in this behalf most meritorious services to all the parties interested in the fund for distribution to the creditors of the said Exposition Co. He performed the work of sifting the accounts against the company, going over the claims of the creditors, putting in shape the testimony against such of those claims as were resisted by the receivers or any creditor, and attended faithfully and continuously before the master upon the taking of the testimony and the argument of such claims as were resisted, as well as performing the work set forth in the report of the receivers, at folio 17 of the printed case.

"All the creditors of the company in this way have been benefited by the services which Mr. Rivers so meritoriously rendered to the fund, and all creditors interested therein. For this reason, we think it only fair and proper that he should receive a fair remuneration for his labor. The circumstances under which he acted are entirely different from those that existed when the stipulation was made, and he was not a party to said stipulation.

"On behalf of the creditors represented by us, we, therefore, desire to state to the Court that we admit that a fair compensation to be paid to Mr. Rivers is fairly and equitably a just charge upon the fund, inasmuch as the parties interested therein have benefited by his services.

"Ficken, Hughes & Ficken, Jno. F. Ficken, Nathans & Sinkler, Smythe, Lee & Frost, Jos. W. Barnwell, for trustees under mortgage; Wm. Henry Parker, Jr., George H. Moffett, B. A. Hagood, Legare & Holman, Mitchell &

Smith, Asher D. Cohen, Miller & Whaley, W. Huger Fitz-simons.

"We, the undersigned, who signed the stipulation above referred to, concur in the foregoing statement.   Buist & Buist."

This handsome conduct in Mr. Rivers' behalf demands that this Court shall modify the order of reference made by Judge Purdy, by directing that it be referred to the master, G. H. Sass, Esq., to ascertain and report a reasonable counsel fee to be paid out of the funds in Court belonging to all parties, except Henry Oliver; for I have already held that Mr. Oliver is to be freed from payment of any part of the counsel fees for the receivers out of his funds in Court.

But it is my duty to hold that there are no other fees to be paid to any parties, for such fees cannot be paid under the stipulation made by the plaintiffs and defendants at the commencement of this action.   The Circuit Judge was in error in referring it to the master to ascertain if fees other than Mr. Rivers' should be paid.   The Circuit decree is, therefore, erroneous in referring it to the master to ascertain what fees shall be paid to plaintiffs' attorneys.   The majority of the Court differ from me as to the fee to be ascertained for Mr. Rivers—holding that he is entitled to a fee to be paid by all.